[Crim. No. 5046.   Second Dist., Div. Three.   Dec. 4, 1953.]

THE PEOPLE, Respondent, v. DONALD M. SUSSMAN, Appellant.

Horace Appel for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged in count I with violating section 501 of the Vehicle Code, a felony, in that on October 14, 1952, he drove an automobile, while under the influence of intoxicating liquor, proximately causing bodily injury to Clelland E. Beltz.   In count II the charge against defendant was the same as the charge in count I except that the person alleged to be injured was Sam W. Winick.   Trial by jury was waived.   Defendant was adjudged

guilty as charged in both counts. Judgment was that he be imprisoned in the county jail for one year on each count, said terms to run concurrently. Probation was granted and the execution of the sentences was suspended upon condition that he serve six months in the county jail. He appeals from the judgment.

About 2 a. m. on October 14, 1952, defendant and one Winick met Miss Arnold in a café at La Brea Avenue and Rodeo Road. About 2:30 a. m. they (all three) left that place in Winick's automobile, which was driven by him, and went to an ''after-hours spot'' (a place where alcohol is sold), arriving there about 3 a. m. At that place defendant had five drinks of double shots of Scotch over ice. Winick and Miss Arnold each had one and one-half drinks. They (all three) left that place about 5 a. m. in appellant's automobile, which was driven by him. Miss Arnold testified that when defendant backed his automobile as they were leaving the parking lot, she saw that he was drunk ''because he slammed on the brakes.'' The automobile driven by defendant and the automobile driven by Mr. Beltz collided within an intersection where four streets join at approximately right angles. The street east of the intersection is Rodeo Road. To the west (the continuation of Rodeo) is Jefferson Boulevard. To the north is also Jefferson Boulevard. (In other words, Jefferson makes a right angle turn at the intersection—extending west and north from the intersection.) On the south side is Moynier Lane. There were boulevard stop signs and flashing red lights at each corner of the intersection. Defendant was driving west on Rodeo, and immediately before the accident he was traveling faster than 30 miles an hour. He did not stop or decrease his speed before entering the intersection. Mr. Beltz, who was driving east on Jefferson—going in the direction opposite the direction in which defendant was going, made a left turn in the intersection. The impact was northwest of the center of the intersection. There were skid marks about 30 feet long leading to appellant's automobile. Those marks began approximately 5 feet east of the ''intersection side'' (west side) of the marked crosswalk (at the east side of the intersection) and they ended 23 feet east of the west curb of Jefferson.

Mr. Schechter testified that about 5:50 a. m. on said October 14th, after he had delivered newspapers at a gasoline station on the northeast corner of said intersection, he proceeded (south) in his automobile out the driveway of the station

and turned left onto Rodeo; at that time he saw defendant's automobile, which was about 125 feet from the intersection, coming toward him at the rate of approximately 35 miles an hour; he (witness) drove across Rodeo and stopped, and at that time (just before the collision) he heard brakes screeching and he saw defendant in the intersection; and he saw the automobiles come together.

Mr. Beltz and Winick received bodily injuries as a result of the collision.

A police officer testified that he arrived at the intersection about 6 a. m. on said day; he was present when sobriety tests were given defendant at the scene of the accident; in his opinion the defendant was under the influence of alcohol; when a doctor told the officer, in the presence of defendant, that Mr. Beltz had a very slight chance of living, the defendant said, "God, I have killed the man."

Miss Arnold also testified that as they (she, defendant, and Winick) were approaching the intersection, she saw an automobile coming south on Jefferson (the part of Jefferson north of the intersection) and the automobile made a left turn and the driver did not make a signal; then the other automobile (automobile of Mr. Beltz) which was coming "in the opposite direction of us" made a left turn.

Defendant did not testify.

Defendant argues that the evidence does not show that he "proximately" caused bodily injury; that Miss Arnold in testifying that "He is the one that did not make the signal" was referring to Mr. Beltz; and that it could be inferred that any one of the three cars was the proximate cause of the injuries. Miss Arnold's testimony to the effect that a signal was not made was not a reference to Mr. Beltz. She said that an automobile was going south and that the driver of that automobile did not make a signal. The trial judge could have inferred that she was referring to Mr. Schechter, who drove south across Rodeo. The evidence was sufficient to support findings that defendant did not make the boulevard stop; that he entered the intersection at an excessive rate of speed; that he was under the influence of intoxicating liquor; and that defendant's intoxication and negligence in driving proximately caused the bodily injuries.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.